UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK DANIEL LEITNER,

   Plaintiff,

     v.

UNITED STATES, *et al.*,

   Defendants.

Civil No. 09-2342  (CKK)

MEMORANDUM OPINION
(January 18, 2010)

Plaintiff Mark Daniel Leitner, acting *pro se*, originally filed the above-captioned action in the Superior Court for the District of Columbia. While the case was still pending in Superior Court, Plaintiff also filed a "Motion Request for Emergency Injunction" seeking issuance of a preliminary injunction terminating his criminal prosecution in the United States District Court for the Northern District of Florida, Pensacola Division. The case was subsequently removed to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1442(a)(1). Plaintiff has since objected to removal and has moved for remand of this case back to Superior Court.

Presently before the Court are two motions: (1) Plaintiff's filing made in response to Defendants' Notice of Removal, which the Court construes as a Motion to Remand pursuant to 28 U.S.C. § 1447(c); and (2) Plaintiff's "Motion Request for Emergency Injunction." Upon thorough consideration of the parties' filings, the relevant case law and the record of this case as a whole, the Court concludes that the above-captioned case was properly removed to this Court and that Plaintiff has not demonstrated that he is entitled to a preliminary injunction. Accordingly, the Court shall DENY Plaintiff's motion for remand as well as his "Motion Request for Emergency

Injunction," for the reasons set forth below.

## I. BACKGROUND

As indicated above, the above-captioned action was removed to this Court from the Superior Court for the District of Columbia on December 9, 2009.[1] *See* Notice of Removal, Docket No. [1]. Plaintiff Mark Daniel Leitner, acting *pro se*, originally filed this civil action in Superior Court on November 13, 2009, naming as Defendants: (a) the United States; (b) United States Attorney General Eric Holder; (c) Tiffany Eggers, Assistant United States Attorney, whose assigned post of duty is in Pensacola, Florida; (d) Thomas Kirwin, United States Attorney for the Northern District of Florida; (e) Michael John Watling, a Trial Attorney within the Criminal Enforcement Section Southern Region of the Tax Division, United States Department of Justice; (f) William M. McCool, Clerk of Court for the United States District Court in the Northern District of Florida; and (g) the Honorable M. Casey Rodgers, United States District Court Judge in the Northern District of Florida, Pensacola Division (collectively, "Defendants").

Although the exact contours of Plaintiff's claims are difficult to ascertain, given the rambling and often incoherent nature of his *pro se* complaint, Plaintiff's lawsuit appears to be principally directed at challenging his criminal indictment in the Northern District of Florida for federal tax violations. To that end, Plaintiff seeks injunctive relief vacating his indictment in the United States District Court for the Northern District of Florida and enjoining all further proceedings in that criminal action; a writ of habeas corpus regarding pretrial conditions placed

---

[1] At the time the Notice of Removal was filed, counsel had not yet entered an appearance on behalf of Defendants William M. McCool and Judge M. Casey Rodgers. Benjamin J. Weir, Trial Attorney with the Department of Justice, Tax Division, who is counsel for the other Defendants in this action, has since entered an appearance on behalf of Defendants McCool and Judge Rodgers as well.

upon him by Judge Rodgers, and damages of $525,000 stemming from his incarceration for "near seven hours." *See* Notice of Removal, Docket No. [1], Ex. A at pp. 6-57 (hereinafter, "Complaint"). In addition, Plaintiff's complaint purports to allege several claims premised upon violations of various federal statutes, including the Trading with the Enemy Act, the Racketeer Influenced Corrupt Organizations Act (RICO), and the Freedom of Information Act (FOIA). *See id.*

On December 3, 2009, while the case remained pending in Superior Court, Plaintiff filed a "Motion Request for Emergency Injunction." As set forth therein, Plaintiff seeks an "emergency injunction" pursuant to Fed. R. Civ. P. 65 enjoining "all proceedings relating to Petitioner specifically in regards to alleged indictment/case No. 3:08-cr-0079 MCR out of the United States District Court Northern District of Florida, Pensacola Division." *See* Notice of Removal, Docket No. [1], Ex. A at pp. 58-73 (hereinafter, "Pl.'s Mot. for P.I."). Accordingly, on December 11, 2009, shortly after the case was removed, this Court issued a minute order advising Defendants that their response to Plaintiff's request for a preliminary injunction was due by no later than December 14, 2009, pursuant to LCvR 65.1(c). *See* 12/11/09 Min. Order. Defendants timely filed the required response to Plaintiff's motion on December 14, 2009. *See* Defs.' Opp'n to Pl.'s Mot. for P.I., Docket No. [3]. That same day, the Court issued an order advising Plaintiff that his reply, if any, in support of his request for a preliminary injunction was due and had to be postmarked by no later than December 21, 2009. *See* 12/4/09 Order, Docket No. [4].

Plaintiff filed a response in compliance with the Court's order. However, rather than file a substantive reply in support of his motion for a preliminary injunction, Plaintiff instead chose to file a response challenging the validity of the Defendants' Notice of Removal and arguing that the

Court was without jurisdiction to consider Plaintiff's motion for emergency relief. Specifically, Plaintiff argues that removal is improper and that this case must be remanded back to the Superior Court for the District of Columbia, such that this Court lacks jurisdiction to rule on his motion for a preliminary injunction. Although stylized as an "objection to notice of removal," it is apparent that Plaintiff intended this filing to serve as a motion for remand pursuant to 28 U.S.C. § 1447(c), and the Court — cognizant of Plaintiff's *pro se* status — indicated that it would treat Plaintiff's filing as such. *See* 1/5/10 Order, Docket No. [9]; Pl.'s Mot. to Remand, Docket No. [6]. Defendants filed an opposition to Plaintiff's motion to remand on January 4, 2010, arguing that removal was proper and that this Court has jurisdiction over Plaintiff's complaint. *See* Defs.' Opp'n, Docket No. [7]. Upon receipt of Defendants' opposition, the Court issued an order advising Plaintiff that his reply, if any, in support of his motion to remand was due by no later than January 15, 2010. *See* 1/5/10 Order. Plaintiff has since timely filed a reply, *see* Pl.'s Reply, Docket No. [11], and briefing on both Plaintiff's motion to remand and his motion for a preliminary injunction is now complete. Accordingly, Plaintiff's motions are ripe for the Court's review.

## II. LEGAL STANDARDS AND DISCUSSION

As Plaintiff has raised a jurisdictional challenge to this Court's authority to decide his motion for a preliminary injunction, the Court must first resolve the question of its jurisdiction before it may consider Plaintiff's request for injunctive relief. Accordingly, the Court turns first to consider Plaintiff's motion to remand before then turning to consider Plaintiff's motion for a preliminary injunction.

*A.     Plaintiff's Motion to Remand*

As set forth in the Notice of Removal, Defendants assert that removal is appropriate pursuant to 28 U.S.C. §§ 1441(b) and 1442(a)(1). *See* Notice of Removal, Docket No. [1]. Section 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Section 1442(a)(1) provides that a civil action is removable to the district court for the district embracing the place where the action is pending if the suit is brought against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue."

As discussed above, Plaintiff has named the United States and several officers thereof as Defendants, including Attorney General Holder, Assistant United States Attorney Eggers, United States Attorney Kirwin, Department of Justice Trial Attorney Watling, the Clerk of the Court for the Northern District of Florida, and United States District Court Judge Rodgers. *See generally* Compl. As such, the Court finds that removal is appropriate under section 1442(a)(1). In addition, Plaintiff's complaint purports to assert various violations of federal statutes — including the Trading with the Enemy Act, RICO, and FOIA — and seeks to challenge his indictment in the Northern District of Florida as a violation of, *inter alia*, "his fundamental rights secured to him under the Constitution for the United States of America." *See id.* Because the Court has original federal question subject matter jurisdiction over such claims pursuant to 28 U.S.C. § 1331, the

Court concludes that removal is proper under section 1441(b) as well.  Plaintiff's arguments to the contrary are wholly without merit and require no discussion.  Accordingly, the Court shall DENY Plaintiff's motion to remand this case back to the Superior Court for the District of Columbia.

   B.  *Plaintiff's Motion for a Preliminary Injunction*

  Plaintiff asks this Court to enjoin criminal proceedings currently ongoing in the United States District Court for the Northern District of Florida, but has made no attempt whatsoever to demonstrate that the four factors outlined above have been met.  As it is Plaintiff's burden to do so, his request for a preliminary injunction fails for this reason alone.  Regardless, the case law makes clear that such extraordinary relief as is requested by Plaintiff is neither warranted nor appropriate.

  The standard for obtaining preliminary injunctive relief pursuant to Fed. R. Civ. P. 65 is well established.  A moving party must show: (1) a substantial likelihood of success on the merits; (2) that it would suffer irreparable injury if the injunction were not granted; (3) that an injunction would not substantially injure other interested parties; and (4) that the public interest would be furthered by the injunction.  *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006).  In applying this four-factored standard, district courts may employ a sliding scale as to which a particularly strong showing in one area can compensate for weakness in another.  *Id*.  (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995)).  Thus, "[a]n injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury."  *CityFed*., 58 F.3d at 747.  Notwithstanding the fluid nature of this familiar four-part inquiry, "[i]t is particularly important for the [movant] to demonstrate a substantial likelihood of

success on the merits." *Barton v. Dist. of Columbia,* 131 F. Supp. 2d 236, 242 (D.D.C. 2001) (citing *Benten v. Kessler*, 505 U.S. 1084, 1085 (1992)).  If the movant fails to do so, "it would take a very strong showing with respect to the other preliminary injunction factors to turn the tide in plaintiff['s] favor." *Davenport v. Int'l Bhd. of Teamsters*, 166 F.3d 356, 366 (D.C. Cir. 1999). Both the United States Supreme Court and the Court of Appeals for the D.C. Circuit have also emphasized that a plaintiff must show at least *some* likelihood of irreparable harm in the absence of an injunction.  *See Winter v. Nat. Res. Def. Council, Inc.*, __ U.S. __ , 129 S. Ct. 365, 375 (2008) (holding that a plaintiff must "demonstrate that irreparable injury is *likely* in the absence of an injunction," and not a mere "possibility") (emphasis in original); *CityFed*, 58 F.3d at 747 (holding that a plaintiff must demonstrate "'at least some injury' for a preliminary injunction to issue . . . [because] 'the basis of injunctive relief in federal courts has always been irreparable harm . . . .'" (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)).

    Applying these standards to the case at hand, it is clear that Plaintiff has not demonstrated that he is entitled to emergency injunctive relief.  As an initial matter, "[i]t is well-settled . . . that a court will not act to restrain a criminal prosecution if the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Miranda v. Gonzales*, 173 Fed. Appx. 840 (D.C. Cir. 2006) (per curiam); *see also Deaver v. Seymour*, 822 F.2d 66, 69 (D.C. Cir. 1987).  "Congress has established a comprehensive set of rules governing federal criminal prosecutions — the Federal Rules of Criminal Procedure," and "defendants cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure." *Deaver*, 822 F.2d at 71. In this case, Plaintiff primarily seeks to challenge the validity of his indictment in the Northern District of Florida, alleging that Defendants have "no authority to take actions against" him; that

their prosecution of him for federal tax violations is "arbitrary, capricious, without foundation;" and that he was seized "without a warrant thus depriving [Plaintiff] of his fundamental rights secured to him under the Constitution [of] the United States of America." *See* Compl. at p. 9; *see also* Pl.'s Mot. for P.I. at 2-3. On the current record now before the Court, there appears to be no reason why such arguments may not be asserted by Plaintiff in the pending criminal action in the United States District Court for the Northern District of Florida. To the extent Plaintiff may do so, he has an adequate remedy at law for any asserted violations of his constitutional rights and therefore may not secure equitable relief in this Court. *See Deaver*, 822 F.2d at 69-71.

Furthermore, to the extent Plaintiff seeks injunctive relief and damages against Defendants McCool and Judge Rodgers, he is unlikely to succeed as "[j]udges and clerks are absolutely immune from lawsuits predicated on acts taken . . . in their judicial capacities." *Krug v. Stevens*, Civ. Act. No. 08-891, 2008 WL 2331313 (D.D.C. June 2, 2008), *aff'd* 309 Fed. Appx. 423 (D.C. Cir. 2009); *see also Sindram v. Suda*, 986 F.2d 1459 (D.C. Cir. 1993) (per curiam). In addition, while Plaintiff's complaint purportedly asserts various statutory claims pursuant to, *inter alia*, the Trading with the Enemy Act, RICO, and FOIA, he has not alleged any facts that would appear to support such claims nor has he addressed those claims in his motion for emergency relief. *See generally* Compl.; *see also* Pl.'s Mot. for P.I. Accordingly, the Court finds that Plaintiff has not demonstrated a substantial likelihood of success on the merits.

Given Plaintiff's failure to show that he is likely to succeed on the merits of his lawsuit, he must make "a very strong showing with respect to the other preliminary injunction factors" in order to justify issuance of a preliminary injunction. *See Davenport*, 166 F.3d at 366. This Plaintiff has not done. Although Plaintiff claims that he "has been, and is currently being harmed,

by actions of the Defendants who are directly involved in his property being taken from him, his rights being denied, [and] his liberties being restrained," such allegations are insufficient to show the necessary likelihood of irreparable harm in the absence of an injunction. *Cf. Younger v. Harris*, 401 U.S. 37, 46 (1971) ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single [state] criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution."). Similarly, the Court finds that issuance of a preliminary injunction would harm both the Government's and the public's interest in the proper administration of federal tax laws. As such, the third and fourth factor further counsel against granting Plaintiff's motion for preliminary injunction. Accordingly, the Court finds that issuance of a preliminary injunction to enjoin the ongoing criminal proceedings in the Northern District of Florida is not appropriate, and Plaintiff's "Motion Request for Emergency Injunction" is DENIED.

### IV.  CONCLUSION

For the reasons outlined above, Plaintiff's Motion to Remand and his "Motion Request for Emergency Injunction" are DENIED. An appropriate Order accompanies this Memorandum Opinion.

Date:   January 18, 2010

/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge