# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MARK DANIEL LEITNER,

   Plaintiff,

     v.

UNITED STATES, *et al.*,

   Defendants.

Civil No. 09-2342 (CKK)

## MEMORANDUM OPINION
(July 22, 2010)

Plaintiff Mark Daniel Leitner, acting *pro se*, initially filed the above-captioned action in the Superior Court for the District of Columbia. The case was subsequently removed to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1442(a)(1). Although the exact contours of Plaintiff's claims are difficult to discern, Plaintiff's lawsuit appears to be principally aimed at challenging his criminal indictment in the United States District Court for the Northern District of Florida for federal tax violations. To that end, Plaintiff seeks declaratory and injunctive relief vacating his indictment in the United States District Court for the Northern District of Florida, enjoining all further proceedings in that criminal action, and declaring his pretrial conditions to be void; a writ of habeas corpus regarding pretrial conditions placed upon him by the Honorable M. Casey Rodgers, United States District Judge for the Northern District of Florida; and damages of $525,000 stemming from his incarceration in connection with those criminal charges. Now pending before the Court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Upon consideration of the Motion, the parties' responsive briefings, the relevant case law, and the record of this case as a whole, the Court shall GRANT

Defendants' [10] Motion to Dismiss for the reasons set forth below.

## I. BACKGROUND

The above-captioned action was originally filed in the Superior Court for the District of Columbia on November 13, 2009, and was subsequently removed to this Court on December 9, 2009. *See* Notice of Removal, Docket No. [1]. Plaintiff has named as Defendants in this action a) United States Attorney General Eric Holder, b) Tiffany Eggers, Assistant United States Attorney, whose assigned post of duty is in Pensacola, Florida, c) Thomas Kirwin, Acting United States Attorney for the Northern District of Florida, d) Michael John Watling, a Trial Attorney within the Criminal Enforcement Section Southern Region of the Tax Division, United States Department of Justice, e) William M. McCool, Clerk of Court for the United States District Court in the Northern District of Florida, f) the Honorable M. Casey Rodgers, United States District Court Judge in the Northern District of Florida, Pensacola Division (collectively, "Individual Defendants"), and g) the United States (together with the Individual Defendants, "Defendants").

Given the largely incoherent nature of Plaintiff's *pro se* Complaint, it is difficult to ascertain the exact relief Plaintiff now seeks. From the Court's own review of the Complaint, it appears that Plaintiff's lawsuit is primarily directed at challenging his criminal indictment in the Northern District of Florida for federal tax violations, *see United States v. Hirmer, et al.*, Crim. Act. No. 3:08-cr-00079-MCR-11. Specifically, Plaintiff seeks injunctive and declaratory relief vacating his indictment in the United States District Court for the Northern District of Florida, enjoining all further proceedings in that criminal action, and declaring his pretrial conditions to be void. *See* Notice of Removal, Docket No. [1], Ex. A at pp. 6-57 (hereinafter, "Complaint"). In addition, he seeks a writ of habeas corpus regarding pretrial conditions placed upon him by Judge

Rodgers, monetary damages in the amount of $525,000 stemming from his incarceration in connection with the Florida criminal proceedings, and the return of certain unspecified property allegedly taken from him by Defendants. *See id.* Finally, although less than clear, Plaintiff also appears to have alleged several additional claims premised upon various legal theories, including: the Trading with the Enemy Act, unspecified hate crimes statutes; the Racketeer Influenced Corrupt Organizations Act (RICO); the Freedom of Information Act (FOIA); the District of Columbia Constitution; fraud; bank fraud; conspiracy/obstruction of justice; tax fraud; money laundering; wire fraud; perjury; and civil rights violations. *See id.* With the exception of Plaintiff's FOIA-related allegations, he has failed to allege any facts in support of these additional claims. *See generally id.*

Plaintiff has not clearly specified in his Complaint whether he intended to sue the Individual Defendants in their official or individual capacities or both. Upon review of the Complaint, it is readily apparent that Plaintiff has asserted claims against the Individual Defendants in their official capacities only. Plaintiff repeatedly asserts that he is suing the Individual Defendants for their "actions by and through" the United States and also alleges that the Individual Defendants were each "acting as [the United States'] authorized agent and or employee" at the time they allegedly engaged in the conduct of which Plaintiff now complains. Compl. at pp. 7-8. Plaintiff further asserts that the Individual Defendants "are presumed to be working for and or were employees and/or authorized agents of the main Defendant, 'the United States'" and that "[i]t [was] through gross misuse of their position[s] as such, that Petitioner was and is currently being damaged." *Id.* at p. 8. There is no suggestion in the Complaint that Plaintiff has sued the Individual Defendants for actions taken in their individual capacities. *See generally id*. As such, it

3

is apparent that he has sued the Individual Defendants in their official capacities only.

On December 3, 2009, while this case remained pending in Superior Court, Plaintiff filed a "Motion Request for Emergency Injunction." *See* Notice of Removal, Docket No. [1], Ex. A at pp. 58-73 (hereinafter, "Pl.'s Mot. for P.I."). As set forth therein, Plaintiff sought an "emergency injunction" pursuant to Federal Rule of Civil Procedure 65 enjoining "all proceedings relating to Petitioner specifically in regards to alleged indictment/case No. 3:08-cr-0079 MCR out of the United States District Court Northern District of Florida, Pensacola Division." *See id.* In addition, shortly after the case was removed to this Court, Plaintiff filed an "Objection to Notice of Removal," which the Court, cognizant of Plaintiff's *pro se* status, construed as a motion for remand pursuant to 28 U.S.C. § 1447(c). *See* Jan. 5, 2010 Order at 2. By Memorandum Opinion and Order dated January 18, 2010, the Court denied both Plaintiff's motion to remand and his request for a preliminary injunction. *See Leitner v. United States*, 679 F. Supp. 2d 37 (D.D.C. 2010).

The matter now comes before the Court on Defendants' [10] Motion to Dismiss. As set forth therein, Defendants urge that Plaintiff's Complaint should be dismissed both for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See generally* Defs.' MTD, Docket No. [10]. On January 18, 2010, the Court advised Plaintiff that Defendants had filed a Motion to Dismiss and set a schedule for the filing of Plaintiff's opposition; the Court further advised Plaintiff that if he failed to timely respond, the Court would treat Defendants' Motion as conceded and dismiss Plaintiff's Complaint. *See* Jan. 18, 2010 Order, Docket No. [16].

In response, Plaintiff filed a pleading entitled "Rejection of Defendants [*sic*] Motion to

4

Dismiss Dated January 14th, 2010." *See* Docket No. [18], (hereinafter, "Pl.'s Opp'n"). Rather than respond to Defendants' substantive arguments in favor of dismissal, however, Plaintiff simply reasserted his position — already rejected by the Court — that this action must be remanded to the Superior Court for the District of Columbia. *See id.* Defendants in turn filed a Reply in support of their Motion to Dismiss, noting that Plaintiff had wholly failed to address the arguments contained in Defendants' Motion and urging the Court to therefore grant the Motion as conceded. *See* Defs.' Reply, Docket No. [19]. Briefing on Defendants' Motion to Dismiss was therefore fully complete at that time.

Nonetheless, on February 12, 2010, Plaintiff filed an additional pleading with this Court purporting to respond to Defendants' Reply, in which Plaintiff once again reiterates his position that this Court must remand this case back to the Superior Court for the District of Columbia. *See* Pl.'s Rejection of Defendants' Reply Memorandum Dated January 28th, 2010, Docket No. [20], (hereinafter, "Pl.'s Surreply"). Significantly, Plaintiff did not seek prior leave of the Court to file the pleading nor has he at anytime since filed an appropriate motion seeking the Court's permission to file the surreply memorandum. The filing is therefore not in compliance with the local rules of this Court. Notwithstanding this error, given Plaintiff's *pro se* status, the Court has in its discretion reviewed the filing and shall consider it, to the extent relevant, in ruling upon Defendants' Motion to Dismiss.[1]

Finally, the Court takes judicial notice that, on March 31, 2010, after briefing on

---

[1] On February 26, 2010, Plaintiff filed yet an additional pleading with this Court captioned "Judicial Notice." *See* Docket No. [22]. Once again, Plaintiff did so without seeking prior leave of the Court. Notwithstanding his failure to do so, the Court has reviewed the pleading and finds that it is not relevant to resolution of the pending Motion to Dismiss.

Defendant's Motion to Dismiss was completed, Plaintiff was convicted of conspiracy to defraud the Internal Revenue Service and to commit wire fraud. *See United States v. Hirmer, et al.*, Crim. Act. No. 3:08-cr-00079-MCR-11, Docket No. [1166]. Plaintiff is currently scheduled to appear before Judge Rodgers for sentencing on July 29, 2010. *See id.*, Docket No. [1204].

## II. LEGAL STANDARDS

*A.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)*

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule 12(b)(1). In evaluating a motion to dismiss under Rule 12(b)(1), a court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion*, 333 F.3d at 198 (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."); *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of

the evidence. *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

      B.      *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); accord *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F.Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). However, as the Supreme Court recently made clear, a plaintiff

7

must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1950. Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.* at 1950.

## III. DISCUSSION

This matter comes before the Court on Defendants' Motion to Dismiss, in which Defendants assert nine separate grounds for dismissal of Plaintiff's Complaint. As noted above, Plaintiff has declined to file a substantive response to Defendants' arguments in favor of dismissal, instead reiterating only his assertion that the Court must remand this case to the Superior Court for the District of Columbia. Plaintiff's arguments on this latter point are wholly without merit. As set forth in the Court's January 18, 2010 Memorandum Opinion, removal of this action is proper under both 28 U.S.C. § 1441(b), which provides for removal of actions brought against the United States or its officers, and 28 U.S.C. § 1442(a)(1), which provides for removal of actions over which the district court has original jurisdiction founded on a claim or right arising under federal law. *See Leitner*, 679 F. Supp. 2d at 40-41. Plaintiff has not offered any evidence, legal authority, or argument to the contrary. Even if the Court were to construe Plaintiff's filings as seeking reconsideration of the Court's decision under Federal Rule of Civil Procedure 59(e) and/or under Federal Rule of Civil Procedure 60(b), the Court finds that Plaintiff has failed to demonstrate that the decision denying remand was in error.

Accordingly, having found that Plaintiff's arguments regarding remand are without merit, the Court is left with only Defendants' arguments in favor of dismissal, which, as noted above, Plaintiff has failed to address. "It is well understood in this Circuit that when a plaintiff files an

opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd* 98 Fed. Appx. 8 (D.C. Cir. 2004). Nonetheless, cognizant of Plaintiff's *pro se* status, the Court shall exercise its discretion and consider the merits of the Defendants' Motion to Dismiss.

   *A. Plaintiff's Request for Declaratory and Injunctive Relief*

Plaintiff's Complaint is principally aimed at challenging his criminal indictment in the Northern District of Florida for federal tax violations. To that end, Plaintiff seeks declaratory and injunctive relief vacating his indictment in the United States District Court for the Northern District of Florida, enjoining all further proceedings in that criminal action, and declaring his pretrial conditions to be void. Compl. at p. 20. As noted above, the docket in the pending criminal action indicates that Plaintiff was convicted of conspiracy to defraud the Internal Revenue Service and to commit wire fraud on March 31, 2010, and he is currently scheduled for sentencing before Judge Rodgers on July 29, 2010. Accordingly, insofar as Plaintiff seeks an order enjoining any trial proceedings and declaring his pretrial conditions void, such claim is now moot. Moreover, to the extent Plaintiff seeks an order enjoining the upcoming sentencing proceedings and voiding the criminal indictment, "[i]t is well-settled . . . that a court will not act to restrain a criminal prosecution if the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Miranda v. Gonzales*, 173 Fed. Appx. 840, * 1 (D.C. Cir. 2006) (per curiam); *cf. Deaver v. Seymour*, 822 F.2d 66, 71 (D.C. Cir. 1987) ("Congress has established a comprehensive set of rules governing federal criminal prosecutions — the Federal Rules of Criminal Procedure," and "defendants cannot, by bringing ancillary equitable

proceedings, circumvent federal criminal procedure."). On the record now before the Court, there is no reason why the arguments raised by Plaintiff in this case may not be — and were not — asserted by Plaintiff in the criminal action in the United States District Court for the Northern District of Florida. Accordingly, as Plaintiff has not shown that he has no adequate remedy at law for the asserted violations of his constitutional rights, he may not secure equitable relief in this Court. *See Deaver*, 822 F.2d at 69-71. Plaintiff's claim for declaratory and injunctive relief shall therefore be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

    B.    *Plaintiff's Claim for Habeas Relief*

Plaintiff also asserts a claim for habeas corpus challenging unspecified pretrial conditions placed upon him by Judge Rodgers and that were in existence at the time the Complaint was filed. Compl. at pp. 20-21. Because Plaintiff has since been convicted, his request for pretrial habeas relief is now moot. *Young v. Caulfield*, Civ. Act. No. 08-1603, 2009 WL 1921240, * 1 (D.D.C. July 2, 2009); *see also Yohey v. Collins*, 985 F.2d 222, 228-229 (5th Cir. 1993) ("claims for federal habeas relief for pretrial issues are mooted by [the petitioner's] subsequent conviction"). Plaintiff's request for habeas relief shall therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

    C.    *Plaintiff's Claim for Monetary Damages*

In addition, Plaintiff seeks monetary damages in the amount of $525,000 stemming from his incarceration in connection with the Florida criminal proceedings. Compl. at p. 20. Plaintiff's claim is without merit as he identifies no valid basis for the award of monetary damages stemming

from his incarceration in connection with his indictment for and conviction of conspiracy to defraud the Internal Revenue Service and to commit wire fraud. None of the statutes referenced by Plaintiff entitle him to such relief. To the extent Plaintiff bases his request for monetary damages on alleged civil rights violations, he may be awarded such damages only if he first establishes that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This Plaintiff has not done. He has therefore failed to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6).

In addition, the Individual Defendants are immune from suit for monetary damages based on actions allegedly taken in their official capacities. First, it is well established that both judges and judicial clerks "are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459 (D.C. Cir. 1993) (per curiam); *see also Krug v. Stevens*, Civ. Act. No. 08-891, 2008 WL 2331313, at *1 (D.D.C. June 2, 2008) ("Judges and clerks are absolutely immune from lawsuits predicated on acts taken, as alleged here, in their judicial capacities."), *aff'd* 308 Fed. Appx. 423 (D.C. Cir. 2009). Plaintiff's claims against Judge Rodgers and Clerk McCool rest entirely on actions taken in the course of their duties as a federal district judge and law clerk, respectively. *See generally* Compl. at pp. 11, 20. Thus, both Judge Rodgers and Clerk McCool are absolutely immune from Plaintiff's claim for monetary damages as this suit has been brought against them for tasks performed in their judicial capacity and there is no allegation that the actions were not taken in absence of jurisdiction. *See Krug*, 2008 WL 2331313, at *1; *Sindram*, 986 F.2d at 1461.

Second, Assistant United States Attorney Eggers, Trial Attorney Watling, and Acting United States Attorney Thomas Kirwin are also immune from Plaintiff's claim for monetary damages based upon actions allegedly taken in their official capacity as prosecutors acting on the United States' behalf. The Supreme Court has made clear that prosecutors enjoy absolute immunity from a civil suit for damages for conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). More specifically, the acts of prosecutors "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [acting] as an advocate for the State, are entitled to the protections of absolute immunity." *Atherton v. District of Columbia*, 567 F.3d 672, 686 (D.C. Cir. 2009) (citing *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (internal quotation marks and citations omitted)). Here, Plaintiff has sued Defendants Eggers, Watling and Kirwin for conduct allegedly taken "by and through [the United States]." Compl. at p. 7. Although Plaintiff's Complaint is devoid of any specific factual allegations relating to these Individual Defendants, such that it is unclear exactly what alleged conduct underlies Plaintiff's monetary damages claim, the Court emphasizes that Plaintiff has not argued, nor is there any indication on the present record, that Defendants Eggers, Watling and Kirwin engaged in conduct outside of their role as an advocate for the government in prosecuting Plaintiff. Accordingly, these Individual Defendants are entitled to absolute immunity with respect to Plaintiff's claim for monetary damages based on actions allegedly taken in their official capacity as advocates for the federal government.

Third and finally, Attorney General Holder is also immune from Plaintiff's official capacity suit for monetary damages. "Sovereign immunity . . . bar[s] suits for money damages against officials in their official capacity absent a specific waiver by the government." *Clark v. Library of*

*Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984). Plaintiff has not pointed to, nor is the Court itself aware of, any applicable exceptions to this general rule that would apply in this case. *See Perkins v. Ashcroft*, 275 Fed. App'x 17, * 1 (D.C. Cir. 2008) (affirming dismissal of suit against Attorney General in official capacity for monetary damages stemming from allegedly wrongful imprisonment because action was barred by sovereign immunity); *cf. Ruiz Rivera v. Holder*, 666 F. Supp. 2d 82, 92 (D.D.C. 2009) (holding that FTCA claim against Attorney General in his official capacity was barred by sovereign immunity). In this case, Plaintiff has sued Attorney General Holder for monetary damages based upon actions allegedly taken "by and through [the United States]." Compl. at p. 7. Accordingly, as Plaintiff has attempted to sue Attorney General Holder for acts performed in his official capacity, and the government has not waived its immunity nor has Plaintiff identified any applicable exception to this rule, sovereign immunity bars Plaintiff's claim for monetary damages against the Attorney General. To the extent Plaintiff's claim for monetary damages is asserted against the Individual Defendants for actions allegedly taken in their official capacities, the claim is also subject to dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

    D.     *Plaintiff's FOIA Claim*

As set forth in Plaintiff's Complaint, he asserts that the Individual Defendants "failed to answer the Praecipe & FOIA presented by Petitioner requiring THEM to supply proof of Oath, Bond and Qualifications required by their respective offices." Compl. at p. 9. To the extent Plaintiff purports that his request for "proof of Oath, Bond and Qualifications" was made pursuant to FOIA and that the Individual Defendants' failure to respond was a violation of that statute, such allegations are wholly without merit. It is well established that "[t]his Court's jurisdiction to

13

enforce the FOIA is limited to enjoining agency noncompliance." *Stone v. Defense Investigative Serv.*, 816 F. Supp. 2d 782, (D.D.C. 1993). "Therefore, [a] plaintiff may not assert a FOIA claim against individual federal officials." *Id.*; *see also Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming dismissal of FOIA claims against individual employees of agencies because the statute "concern[s] the obligations of agencies as distinct from individual employees in those agencies"); *Whittle v. Moschella*, 756 F. Supp. 589, 596 (D.D.C. 1991) ("[N]o FOIA claim may be asserted against individual federal officials."). Accordingly, to the extent Plaintiff's Complaint may be read as asserting a claim under FOIA, such allegations must be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### E. Plaintiff's Remaining Claims

Finally, as noted above, Plaintiff also seeks the return of certain unspecified property allegedly taken from him by Defendants, and appears to allege several additional claims premised upon various legal theories, including: the Trading with the Enemy Act, unspecified hate crimes statutes; the Racketeer Influenced Corrupt Organizations Act (RICO); the District of Columbia Constitution; fraud; bank fraud; conspiracy/obstruction of justice; tax fraud; money laundering; wire fraud; perjury; and civil rights violations. *See* Compl. at pp. 2, 20. Upon review of the Complaint, it becomes patently clear that Plaintiff has failed to allege any facts in support of these remaining claims. Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must nonetheless furnish "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As Plaintiff has failed to meet even this minimal standard, his remaining claims must be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV.  CONCLUSION

For the reasons set forth above, the Court shall GRANT Defendants' [10] Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Accordingly, this case is DISMISSED in its entirety.  An appropriate Order accompanies this Memorandum Opinion.

Date:   July 22, 2010

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge